UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Blanca C., | Civ. No. 26-1314 (PAM/DTS) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

---

This matter is before the Court on Petitioner Blanca C.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the petition.

**BACKGROUND**

Petitioner Blanca C. is a citizen of Mexico. (Pet. ¶ 7, 12.) In approximately November 2022, Petitioner was encountered by United States Border Patrol at the Texas border, where she was detained, issued a notice to appear in immigration court, and released. (Id.) She has a pending asylum application. (Id. ¶ 13.) The record does not support that Petitioner has any legal status in the United States.

On February 9, 2026, United States Immigration and Customs Enforcement ("ICE") arrested Petitioner and she remains in ICE custody. (Id. ¶ 7.)

**DISCUSSION**

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asking the Court to order her immediate release or grant her an individualized bond hearing under 8 U.S.C. § 1226(a).  Respondents contend that her detention is mandatory pending removal proceedings under § 1225(b)(2).  The Court must therefore decide whether § 1225(b)(2) or § 1226(a) governs Petitioner's detention.

"When interpreting a statute, [courts] begin with the statute's plain language, giving words the meaning that proper grammar and usage would assign them.  If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end."  United States v. Lester, 92 F.4th 740, 742 (8th Cir. 2024) (cleaned up).  Section 1225(a)(1) dictates that "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .) shall be deemed for purposes of this chapter an applicant for admission."  There is no dispute that Petitioner is an alien present in the United States.  See id.  And the record does not support that she lawfully entered the United States, i.e., an immigration officer did not inspect her and authorize her entry.  Id. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.").  "Admission" means lawful entry into the United States, not merely any presence here.  8 U.S.C. § 1101(a)(13)(A).

Section 1225(b)(2)(A) instructs that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission

is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  The plain reading of the text is that detention is mandatory.  Other courts disagree with this reading, making distinctions based on the length of an alien's presence in the United States, an alien's efforts to secure lawful status here, or where an alien was apprehended.  Such limitations are not found in the statute. "What governs this case is the text of the statute, not what other district courts have concluded."  Mejia Olalde v. Noem, No. 1:25-CV-00168-JMD, 2025 WL 3131942, at *1 (E.D. Mo. Nov. 10, 2025).

Petitioner contends that because ICE apprehended her within the United States, she is not properly classified as "seeking admission" under § 1225(b)(2)(A).  Indeed, many courts agree with Petitioner.  However, the Court determines that the growing minority of courts rejecting Petitioner's argument are correct.  See, e.g., Buenrostro-Mendez v. Bondi, -- F.4th --, No. 25-20496, 2026 WL 323330, at *5–6 (5th Cir. Feb. 6, 2026); Chen v. Almodovar, -- F. Supp. 3d --, No. 1:25-CV-8350-MKV, 2025 WL 3484855, *3–6 (S.D.N.Y. Dec. 4, 2025); Chavez v. Noem, 801 F. Supp. 3d 1133, 1140 (S.D. Cal. 2025); Lopez v. Ladwig, No. 6:25-CV-01884, 2026 WL 19095, at *4–6 (W.D. La. Jan. 2, 2026); Alberto Rodriguez v. Jeffreys, No. 8:25CV714, 2025 WL 3754411, at *11–14 (D. Neb. Dec. 29, 2025); Melgar v. Bondi, No. 8:25CV555, 2025 WL 3496721, *10–14 (D. Neb. Dec. 5, 2025); Mejia Olalde, 2025 WL 3131942, *3–4.  Merely because an alien has "illegally remained in this country for years does not mean that [s]he is suddenly not an 'applicant for admission' under § 1225(b)(2)."  Vargas Lopez v. Trump, 802 F. Supp. 3d 1132, 1142 (D. Neb. Sept. 30, 2025).  Respondents may lawfully detain Petitioner under

3

§ 1225(b)(2).  See Jennings v. Rodriguez, 583 U.S. 281, 297 (2018) ("Read most naturally, §§ 1225(b)(1) and (b)(2) mandate detention of applicants for admission until certain proceedings have concluded.").

Moreover, Petitioner filed an application for asylum and continues to pursue that status, further indicating her pursuit for admission to the United States.  See Coronado v. Sec'y, Dep't of Homeland Sec., No. 1:25-CV-831, 2025 WL 3628229, at *7 (S.D. Ohio Dec. 15, 2025).  Even "[i]f actively 'seeking admission' is a distinct requirement for mandatory detention pursuant to § 1225, seeking asylum is 'seeking admission,' within the meaning of the statute, since 'admission' is defined in terms of 'lawful' status, 8 U.S.C. § 1101(a)(13)(A), not physical presence on U.S. soil."  Chen, 2025 WL 3484855, at *6. Indeed, were an applicant not seeking admission to the United States or other lawful status when confronted by an immigration officer, then he or she would voluntarily self-deport.

The statute's plain meaning prevails.  Respondents may lawfully detain Petitioner under § 1225(b)(2), which requires detention.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1.    The Petition (Docket No. 1) is **DENIED**; and

2.    This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 22, 2026

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge